U.S. Court of Appeals Docket No. 25-6594

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

RUBEN FLORES,
*Plaintiff/Appellant,*

vs.

ASSUREHIRE, INC.,
*Defendant/Appellee.*

_____

**MOTION TO DISMISS APPEAL FOR
LACK OF APPELLATE JURISDICTION**

_____

On Appeal From
The United States District Court
For The Central District of California
The Honorable Wesley L. Hsu, Dept. 9B
U.S.D.C. Case No. 2:25-cv-01621-WLH-SK

_____

ELIZABETH A. SPERLING - State Bar No. 231474
esperling@glaserweil.com
ALEXANDER R. MILLER - State Bar No. 294474
amiller@glaserweil.com
GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
600 W. Broadway, Suite 2850
San Diego, CA 92101
Phone: (619) 765-4380
Fax: (619) 483-0646

Attorneys for Defendant-Appellee
ASSUREHIRE, INC.

3150525

# **TABLE OF CONTENTS**

Page

INTRODUCTION AND RELIEF REQUESTED ................................... 1

BACKGROUND ........................................................................... 2

JURISDICTIONAL STANDARD ............................................................ 4

ARGUMENT ........................................................................................ 6

I.   This Court Lacks Jurisdiction Over This Appeal Because The June 2, 2025 Order On Appeal Is Not A Final, Appealable Decision ................................................................................... 6

II.  The District Court's October 10, 2025 Rule 41(b) Dismissal Was The Only Final, Appealable Judgment ............................ 8

III. Flores' Notice of Appeal Cannot Invoke Jurisdiction Over The October 10, 2025 Judgment ................................................ 9

IV.  In The Alternative, If The Court Disagrees, Review Should Be Limited To The FRCP 41(b) Dismissal ....................................... 10

CONCLUSION ..................................................................................... 12

CERTIFICATE OF COMPLIANCE ...................................................... 13

# **TABLE OF AUTHORITIES**

Page

## **CASES**

*Al-Torki v. Kaempen*,
  78 F.3d 1381 (9th Cir. 1996) ................................................................ 9, 10, 11

*Bowles v. Russell*,
  551 U.S. 205 (2007) ........................................................................................ 8

*Chacon v. Babcock*,
  640 F.2d 221 (9th Cir. 1981) .......................................................................... 4

*Credit Suisse v. United States Dist. Court*,
  130 F.3d 1342 (9th Cir. 1997) ........................................................................ 5

*Hall v. Hall*,
  584 U.S. 59 (2018) ...................................................................................... 4, 6

*In re Brown*,
  484 F.3d 1116 (9th Cir. 2007) ........................................................................ 6

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ........................................................................................ 5

*Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*,
  117 F.3d 432 (9th Cir. 1997) .......................................................................... 4

*Pagtalunan v. Galaza*,
  291 F.3d 639 (9th Cir. 2002) ........................................................................ 11

*United States v. California*,
  921 F.3d 865 (9th Cir. 2019) .......................................................................... 5

*United States v. Gila Valley Irrigation Dist.*,
  859 F.3d 789 (9th Cir. 2017) .......................................................................... 7

*WMX Techs., Inc. v. Miller*,
  104 F.3d 1133 (9th Cir. 1997) ........................................................................ 5

## **STATUTES**

15 U.S.C. § 1681 ................................................................................................... 2

15 U.S.C. § 1681e(b) ............................................................................................ 2

15 U.S.C. § 1681k(a) ........................................................................................ 2, 6

28 U.S.C. § 1291 ....................................................................................... 1, 4, 5, 6

28 U.S.C. § 1292 ............................................................................................... 4, 7

28 U.S.C. § 1292(a)(1) ............................................................................................. 4

28 U.S.C. § 1292(b) ................................................................................................ 7

28 U.S.C. § 2107(a) ........................................................................................... 8, 10

28 U.S.C. § 2107(c) ........................................................................................... 8, 10

584 U.S.C. § 64 ....................................................................................................... 6

Cal. Civ. Code § 1785 ............................................................................................. 2

Cal. Civ. Code § 1785.14 ........................................................................................ 2

**RULES**

FRAP 3(c)(7) ..................................................................................................... 9, 10

FRAP 4(a)(1)(A) ............................................................................................... 8, 10

FRCP 12(b)(6) ......................................................................................................... 7

FRCP 41(b) ........................................................................................ 1, 3, 8, 10, 11, 12

FRCP 54(b) ........................................................................................................ 4, 7

**OTHER AUTHORITIES**

15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters § 3914.7 (2d ed. 1991) .................................................................................................................... 7

## INTRODUCTION AND RELIEF REQUESTED

Defendant-Appellee AssureHire, Inc. ("AssureHire") respectfully moves this Court pursuant to Federal Rule of Appellate Procedure 27 to dismiss the improper appeal of Plaintiff-Appellant Ruben Flores ("Flores") for lack of jurisdiction. Flores has noticed this appeal from a non-final, non-appealable interlocutory order that granted leave to amend following a motion to dismiss for failure to state a claim for relief. That order was not a final decision under 28 U.S.C. § 1291, and no exception applies to confer appellate jurisdiction over Flores' appeal.

The final judgment in this case came upon the District Court's later dismissal of Flores' action as a sanction pursuant to Federal Rule of Civil Procedure ("FRCP") 41(b). Flores did not timely appeal that judgment. Under settled Ninth Circuit case law, interlocutory orders do not merge into a FRCP 41(b) sanction dismissal. Thus, Flores' notice of appeal is limited to the interlocutory order and cannot reach the final judgment, leaving this Court without appellate jurisdiction.

In the alternative, to the extent the Court disagrees, any appellate review must be limited solely to whether the District Court abused its discretion in issuing the FRCP 41(b) dismissal. Because the interlocutory order does not merge into the final judgment, it is not subject to appellate review.

1

## BACKGROUND

Flores filed his complaint against AssureHire in the Central District of California on February 26, 2025, alleging claims for violation of the Fair Credit Reporting Act (15 U.S.C. §§ 1681, *et seq.*) and the California Consumer Reporting Agencies Act (Cal. Civ. Code § 1785, *et seq.*). *Complaint*, ECF No. 1.[1] Specifically, the complaint alleged that AssureHire (1) failed to follow reasonable procedures to assure maximum possible accuracy in violation of 15 U.S.C. § 1681e(b) ("Section 1681e(b)"); (2) failed to follow reasonable procedures to assure maximum possible accuracy in violation of Cal. Civ. Code § 1785.14 ("Section 1785.14"); and (3) violated 15 U.S.C. § 1681k(a) ("Section 1681k(a)"), either by failing to provide notice of an unfavorable report to Plaintiff at the same time as his potential employer or by failing to maintain strict procedures to ensure report completeness. *Id.*

On April 14, 2025, AssureHire moved to dismiss all claims for relief pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6). *Motion to Dismiss*, ECF No. 15. On June 2, 2025, the District Court issued an order granting the motion to dismiss with respect to the first and second claims for violations of Section 1681e(b) of the FCRA and Section 1785.14 of the CCRAA, respectively,

---

[1] Because no Excerpts of Record have been filed, citations are to the district court docket, Case No. 2:25-cv-01621-WLH-SK.

with prejudice. As to the third claim for violation of Section 1681k(a) of the FCRA, the Court dismissed it without prejudice, granting Flores 21 days to amend his complaint. *Order Re Defendant's Motion to Dismiss [15]*, ECF No. 23 (the "June 2, 2025 Order").

Flores failed to file an amended complaint or dismiss the action within the time allotted by the Court. Instead, Flores filed a premature notice of appeal to the Ninth Circuit, based on the non-final, non-appealable June 2, 2025 Order. *Notice of Appeal,* ECF No. 24. The Ninth Circuit dismissed the improper notice of appeal on August 27, 2025 for lack of jurisdiction. *Order,* ECF No. 26.

On September 16, 2025, AssureHire filed a motion to dismiss in the District Court requesting final entry of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and entry of judgment in its favor due to Flores' failure to amend his complaint and prosecute the action. *Motion to Dismiss*, ECF No. 27. Flores did not oppose the motion. On October 10, 2025, the Court granted the motion and dismissed the action with prejudice as a sanction pursuant to FRCP 41(b). *Order Re Defendant's Motion to Dismiss [27]*, ECF No. 30.

On October 17, 2025, Flores filed another notice of appeal, again appealing from the same non-final, non-appealable June 2, 2025 Order granting, in part, AssureHire's motion to dismiss for failure to state a claim. *Notice of Appeal*, ECF No. 33. Flores' opening brief is currently due on March 3, 2026, AssureHire's

3

answering brief is due April 2, 2026, and the optional reply brief is due 21 days after the answering brief is served.

## JURISDICTIONAL STANDARD

Pursuant to 28 U.S.C. § 1291, courts of appeal are vested with jurisdiction over "all final decisions of the district courts of the United States...." Only a narrow subset of non-final interlocutory orders are subject to appellate review, such as orders denying an injunction. 28 U.S.C. § 1292(a)(1).

The Supreme Court has explained that a "final decision" is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Hall v. Hall*, 584 U.S. 59, 64 (2018) (internal quotation marks and citation omitted); *see also Nat'l Distrib. Agency v. Nationwide Mut. Ins. Co.*, 117 F.3d 432, 433 (9th Cir. 1997) (a district court's decision is final for purposes of 28 U.S.C. § 1291 "if it (1) is a full adjudication of the issues, and (2) 'clearly evidences the judge's intention that it be the court's final act in the matter.'") (citation omitted). An order that adjudicates fewer than all claims is not final and appealable absent special circumstances or unless it is certified for appeal under FRCP 54(b). *See Chacon v. Babcock*, 640 F.2d 221, 222 (9th Cir. 1981).

When an order on a motion to dismiss is not a full adjudication of the issues and does not clearly evidence the district court's intent to be its final act in the matter, the underlying order is not a final order subject to appeal. *United States v.*

*California*, 921 F.3d 865, 878 n.5 (9th Cir. 2019) (concluding that court of appeals did not have jurisdiction over appeal of a dismissal order where the district court did not grant defendant's motion to dismiss in its entirety and thus order was not a full adjudication of the issues), *cert. denied*; *see also Credit Suisse v. United States Dist. Court*, 130 F.3d 1342, 1345-46 (9th Cir. 1997) (holding that denial of motion to dismiss was not a final decision within the meaning of 28 U.S.C. § 1291 and therefore not immediately reviewable).

 Importantly, when a plaintiff "has been given leave to amend, [he] may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained." *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) ("To the extent that any of our cases may suggest a different rule, we now overrule them."; holding the Ninth Circuit lacked jurisdiction to hear the appeal); *see also* 28 U.S.C. § 1291. This is precisely the situation here with the present appeal.

 The appellant bears the burden of establishing jurisdiction, and Flores cannot meet that burden. *Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377 (1994).

# ARGUMENT

## I. This Court Lacks Jurisdiction Over This Appeal Because The June 2, 2025 Order On Appeal Is Not A Final, Appealable Decision

Because the Court's June 2, 2025 Order – the order that is the subject of this appeal – did not resolve all claims in the underlying action, it is not a final decision and thus not appealable under 28 U.S.C. § 1291. In the subject order, the District Court dismissed two claims for relief with prejudice, but granted Flores leave to amend the third claim for relief alleging a violation of Section 1681k(a), expressly providing 21 days for him to do so. *Order Re Defendant's Motion to Dismiss [15]*, ECF No. 23.

The June 2, 2025 Order from which Flores has appealed plainly contemplated further proceedings and did not dispose of all claims, as is required for appellate jurisdiction. 28 U.S.C. § 1291 ("The courts of appeals. . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States…."); *see also Hall*, 584 U.S. at 64 (noting appellate courts may only review a "final decision" that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment"); *California*, 921 F.3d at 878 n.5 (stating that an order on a motion to dismiss that is not a full adjudication of the issues and does not clearly evidence the district court's intent to be its final act in the matter is not a final order subject to appeal); *In re Brown*, 484 F.3d 1116 (9th Cir. 2007)

(concluding minute entry not final where it did not clearly dismiss the case or direct entry of judgment and further issues remained); *WMX Techs.*,104 F.3d at 1136 (holding that where a plaintiff "has been given leave to amend, [he] may not file a notice of appeal simply because he does not choose to file an amended complaint. A further district court determination must be obtained.").

No exception to the final judgment rule applies. Although a district court may certify a non-final order for appeal under FRCP 54(b), the District Court did not do so here. "[A]s Rule 54(b) makes plain, '[f]inality is achieved only if the court takes each of two steps—it must make an 'express determination that there is no just reason for delay' and it also must make 'an express direction for the entry of judgment.'" *United States v. Gila Valley Irrigation Dist.*, 859 F.3d 789, 797 (9th Cir. 2017), *quoting* 15A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction and Related Matters § 3914.7 (2d ed. 1991); *see also* FRCP 54(b). The District Court made no such findings and did not certify the June 2, 2025 Order for immediate appeal.

The June 2, 2025 Order is also not appealable under 28 U.S.C. § 1292, which permits interlocutory appeals in certain circumstances, such as orders regarding injunctions, receivership orders, or admiralty orders. An order granting a motion to dismiss for failure to state a claim under FRCP 12(b)(6) does not fall within § 1292. The June 2, 2025 Order also was not certified under § 1292(b), and

7

it does not qualify under the collateral-order doctrine.

Accordingly, because the June 2, 2025 Order did not resolve all of the claims in the underlying action and is not final or otherwise appealable, and no exception applies, this Court lacks appellate jurisdiction over this appeal. *Bowles v. Russell*, 551 U.S. 205, 214-15 (2007) (holding that a timely appeal from appealable decision is jurisdictional).

## II. The District Court's October 10, 2025 Rule 41(b) Dismissal Was The Only Final, Appealable Judgment

After the interlocutory June 2, 2025 Order, the District Court entered a final, standalone judgment on October 10, 2025, dismissing the action in its entirety under FRCP 41(b) for Flores' failure to prosecute. *Order Re Defendant's Motion to Dismiss [27]*, ECF No. 30. That judgment fully terminated the case and left nothing further for adjudication. *Id.* Any notice of appeal from that judgment was required to be filed within thirty days of its entry, *i.e.*, by November 10, 2025. 28 U.S.C. § 2107(a); FRAP 4(a)(1)(A). No such notice was filed. Nor did Flores seek an extension of time to appeal within the additional thirty-day period permitted by statute. *See* 28 U.S.C. § 2107(c); FRAP 4(a)(5). Thus, after December 10, 2025, the time to appeal expired and appellate jurisdiction was permanently foreclosed. *See* 28 U.S.C. § 2107(c); FRAP 4(a)(1)(A); *see also Bowles*, 551 U.S. at 214-15.

## III. Flores' Notice of Appeal Cannot Invoke Jurisdiction Over The October 10, 2025 Judgment

Federal Rule of Appellate Procedure 3(c)(1)(B) requires a notice of appeal to "designate the judgment—or the appealable order—from which the appeal is taken." Here, Flores' October 17 notice of appeal designates only the District Court's June 2, 2025 Order regarding AssureHire's Rule 12(b)(6) motion, and attaches that interlocutory order. It does not designate the District Court's October 10, 2025 final judgment dismissing the action under Rule 41(b).

Although FRAP 3(c)(7) may save an appeal that designates an incorrect order if that order merges into a subsequently entered final judgment, that exception does not apply here. The Ninth Circuit recognizes a failure-to-prosecute exception to the merger rule in certain situations like this one, where the case is dismissed as a sanction under Rule 41(b). Under those circumstances, prior interlocutory orders **do not merge** into the final dismissal. The purpose of this policy is to dissuade parties from manufacturing appellate review by simply refusing to proceed and failing to prosecute a case by failing to amend after leave is granted on a motion to dismiss. *Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996) (holding that when a case is dismissed for failure to prosecute, prior interlocutory orders cannot be appealed).

Here, the District Court dismissed the underlying action with prejudice

9

under Rule 41(b) after Flores failed to amend his complaint within the time allowed by the District Court or oppose AssureHire's FRCP 41(b) motion. Under *Al-Torki*, the June 2, 2025 interlocutory order **does not merge** into the October 10, 2025 judgment, and FRAP 3(c)(7) cannot save Flores' appeal. Indeed, because there can be no merger here, the October 17 notice cannot be construed as an appeal from the October 10, 2025, Rule 41(b) judgment. No separate notice designating the judgment was filed by November 10, 2025, and Flores did not seek an extension within the additional thirty-day period permitted by statute. *See* 28 U.S.C. § 2107(a), (c); Fed. R. App. P. 4(a)(1)(A), (a)(5).

These deadlines are mandatory and jurisdictional. *Bowles*, 551 U.S. at 214–15. Because the only final judgment was not timely appealed, and the designated interlocutory order is not final and not appealable, this Court lacks appellate jurisdiction. Accordingly, the appeal should be dismissed in its entirety for lack of jurisdiction.

## IV. In The Alternative, If The Court Disagrees, Review Should Be Limited To The FRCP 41(b) Dismissal

If the Court declines to dismiss the appeal in its entirety and instead construes the October 17 notice as sufficient to reach the October 10, 2025 judgment, this Court should nevertheless limit its review to the judgment dismissing the action under FRCP 41(b) only. The interlocutory June 2, 2025

Order does not merge into the final judgment and is not reviewable.

Under settled Ninth Circuit law, when, like here, a case is dismissed as a sanction under FRCP 41(b), earlier interlocutory orders do not merge into the final judgment and are not reviewable on appeal. *Al-Torki v. Kaempen*, 78 F.3d 1381, 1386 (9th Cir. 1996). Thus, the only possible reviewable order would be the October 10, 2025 judgment, and the only reviewable issue pertaining to the judgment is whether the district court abused its discretion in dismissing the underlying action for Flores' failure to prosecute. *Id.* The district court's dismissal under FRCP 41(b) "will only be disturbed if there is a definite and firm conviction that the court below committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors." *Pagtalunan v. Galaza*, 291 F.3d 639, 640-41 (9th Cir. 2002) (internal quotation marks omitted).

Federal Rules of Appellate Procedure 3(c)(6) and 3(c)(7) do not compel a different result. Those sections address the appealable order and the scope of review *where merger applies*; they do not expand appellate jurisdiction beyond what the merger doctrine permits.

Accordingly, because there can be no merger of prior interlocutory orders here, even if the October 17 notice reaches the October 10, 2025 judgment under FRCP 41(b), it does not and cannot confer jurisdiction to review the June 2, 2025 Order on the motion to dismiss for failure to state a claim.

## CONCLUSION

For the foregoing reasons, this Court lacks appellate jurisdiction over Flores' appeal and it must be dismissed. Flores noticed this appeal from a non-final, non-appealable interlocutory order granting leave to amend, and no exception confers jurisdiction to review that order. The only final judgment in the case is the Rule 41(b) dismissal entered as a sanction, which Flores does not appeal. Further, because the interlocutory order does not merge into the final judgment, Flores' defective notice of appeal cannot extend to the final judgment.

Accordingly, the appeal should be dismissed for lack of jurisdiction. In the alternative, if the Court disagrees, any review must be limited solely to whether the district court abused its discretion in entering the FRCP 41(b) dismissal, as the prior interlocutory orders do not merge into the final judgment and are not reviewable.

DATED: January 6, 2026                    Respectfully submitted,

By: */s/ Alexander R. Miller*
ELIZABETH A. SPERLING
ALEXANDER R. MILLER
GLASER WEIL FINK HOWARD
JORDAN & SHAPIRO LLP
600 W. Broadway, Suite 2850
San Diego, CA 92101
Phone: (619) 765-4380
Fax: (619) 483-0646
*Attorneys for Defendant-Appellee Assurehire, Inc.*

## CERTIFICATE OF COMPLIANCE

I certify that this motion complies with the requirements of Fed. R. App. P. 27(d) and 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font.

I further certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because it contains 2,724 words.

By: */s/ Alexander R. Miller*
ALEXANDER R. MILLER
*Attorneys for Defendant-Appellee Assurehire, Inc.*
