U.S. Court of Appeals Docket No. 25-6594

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

RUBEN FLORES,
*Plaintiff/Appellant,*

vs.

ASSUREHIRE, INC.,
*Defendant/Appellee.*

_____

**APPELLANT'S OPENING BRIEF**

_____

On Appeal From
The United States District Court
For The Central District of California
The Honorable Wesley L. Hsu, Dept. 9B
U.S.D.C. Case No. 2:25-cv-01621-WLH-SK

_____

JOSHUA E. KIM - State Bar No. 257260
joshua@devinfoklaw.com
DEVIN H. FOK - State Bar No. 256599
devin@devinfoklaw.com
DHF LAW, P.C.
2304 Huntington Drive, Suite 210
San Marino, CA 91108
Phone: (888) 651-6411
Fax: (818) 484-2023

Attorneys for Plaintiff-Appellant
RUBEN FLORES

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................1

JURISDICTIONAL STATEMENT .................................................................2

STATEMENT OF ISSUES .............................................................................3

STATEMENT OF THE CASE.........................................................................5

    I.   The Background Report Attributed Another Person's DUI Conviction To Flores. ...................................................................................................5

    II.  Flores Sued AssureHire For Inaccurate Reporting. ..........................7

    III. The District Court Dismissed The Accuracy Claims With Prejudice. .............8

    IV. Flores Stood On The Complaint, And The District Court Entered Final Judgment. .............................................................................................9

STANDARD OF REVIEW .............................................................................9

SUMMARY OF ARGUMENT.......................................................................10

ARGUMENT .................................................................................................11

    I.   A Consumer Report That Attributes Another Person's Criminal Conviction To The Consumer Is "Inaccurate" Under § 1681e(b). ..........................12

        A.  Section 1681e(b) requires "maximum possible accuracy" as to the subject of the consumer report. ..........................13
        B.  Misattribution fails the Ninth Circuit's "patently incorrect or materially misleading" test. ..........................17

    II.  The District Court Improperly Resolved Factual Questions At The Pleading Stage Against Flores. ..........................21

        A.  Flores plausibly alleged that his report was inaccurate..........................22
        B.  The district court erroneously accepted AssureHire's interpretation of the report's disclaimer as true..........................24

    III. The CCRAA Claim Must Be Reinstated. ..........................27

CONCLUSION .................................................................................................28

# TABLE OF AUTHORITIES

## CASES

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009)......................................................22

*Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876 (9th Cir. 2010)............. 14, 28

*Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th (1995).........................................28

*Cortez v. Trans Union, LLC*, 617 F.3d 688 (3d Cir. 2010) ...................................1, 13

*Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100 (9th Cir. 2012)....... 18, 19, 22, 23

*FTC v. TRW, Inc.,* 784 F. Supp. 361 (N.D. Tex. 1991) ............................................16

*Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d (9th Cir. 2009) ........... 2, 18, 19, 23

*Guimond v. Trans Union Credit Info. Co.*, 45 F.3d (9th Cir. 1995)...............1, 11, 14

*Healy v. Milliman, Inc.*, 164 F.4th (9th Cir. 2026)...................................................15

*Joseph v. Tenant Tracker, Inc.*, 2023 U.S. Dist. LEXIS 51940 (W.D. Wash. Feb. 3, 2023)...........................................................................................................20

*Kates v. Crocker Nat. Bank*, 776 F.2d (9th Cir. 1985) ............................................27

*Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d (9th Cir. 2018)........... 10, 22, 24, 27

*Lopez v. Nat'l Credit Reporting, Inc.*, No. C12-05166 HRL, 2013 WL 1999624 (N.D. Cal. May 13, 2013) ........................................................................ 20, 23

*McKeever v. Block*, 932 F.2d (9th Cir. 1991).........................................................10

*Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th (9th Cir. 2021) ............9, 27

*Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th (2003) .......................................28

*Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749 (9th Cir. 2018)............................16

*Skidmore v. Swift & Co.*, 323 U.S. 134 (1944) .......................................................15

iv

*Smith v. Tenant Tracker, Inc.*, No. C21-5380-BHS-SKV, 2023 WL 2957404 (W.D. Wash. Feb. 3, 2023), *report and recommendation adopted*, No. 321CV05380BHSSKV, 2023 WL 2624840 (W.D. Wash. Mar. 24, 2023) ..........20

*Starkey v. Experian Info. Sols., Inc.*, 32 F. Supp. 3d (C.D. Cal. 2014)............. 19, 23

*Taylor v. First Advantage Background Servs. Corp.*, 207 F. Supp. 3d (N.D. Cal. 2016)...................................................................................... 18, 23

*TRW Inc. v. Andrews*, 534 U.S. (2001) ...................................................................1

*Yourish v. Cal. Amplifier*, 191 F.3d (9th Cir. 1999) ...................................................10

**STATUTES**

15 U.S.C. § 1681(b) ...................................................................................................1

15 U.S.C. § 1681e(b) ........................................................................ *passim*

15 U.S.C. § 1681i.................................................................................. 15, 16, 17

15 U.S.C. § 1681k.................................................................. 2, 3, 5, 7, 9, 10

15 U.S.C. § 1681p.....................................................................................................2

15 U.S.C. § 1681s .....................................................................................................15

28 U.S.C. § 1291 ......................................................................................................3

28 U.S.C. § 1331 ......................................................................................................2

28 U.S.C. § 1367(a) ..................................................................................................2

California Civil Code § 1785.14.................................................. 3, 4, 7, 8, 27, 28

California Civil Code § 1785.16...........................................................................4

California Civil Code § 1786.29(a) ........................................................... 2, 4, 6, 24

**RULES**

Fed. R. App. P. 3(c)(7) .........................................................................................3

Fed. R. App. P. 4(a)(1)(A) ................................................................................3

Fed. R. Civ. P. 8 ............................................................................................22

Fed. R. Civ. P. 12 ..................................................................................... *passim*

Fed. R. Civ. P. 41(b) ........................................................................................9

## **OTHER AUTHORITIES**

S. Rep. No. 91-517 (1969) ...............................................................................1

CFPB, Key Dimensions and Processes in the U.S. Credit Reporting System (Dec. 2012) ..........................................................................................................15

CFPB, Supervisory Highlights: Consumer Reporting Special Edition, Issue 14 (Mar. 2017) ...................................................................................................16

FTC, Report to Congress: Under Sections 318 and 319 of the Fair and Accurate Credit Transactions Act of 2003 (Dec. 2004) .....................................................15

New Oxford American Dictionary (3d ed. 2010) ..................................................25

Tiffany George, 50 Years of the FCRA, FTC Business Blog (Oct. 27, 2020) ........16

**INTRODUCTION**

An employer made a job offer to Appellant Ruben Flores ("Appellant" or "Flores") and obtained a background check report on him from AssureHire, Inc. ("AssureHire"). The report showed a DUI conviction, and the employer revoked the job offer. The conviction, however, did not belong to Flores. It belonged to someone else who happened to share his name and date of birth.

There is nothing remarkable about this fact pattern. It happens regularly enough that enforcement agencies have long expressed concern and even have a name for it—a "mixed file" case. The fundamental question in this appeal is whether the Fair Credit Reporting Act ("FCRA") recognizes such a "mixed file" report as inaccurate.

Congress enacted the FCRA "to protect consumers from the transmission of inaccurate information about them." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010) (citing *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) and *TRW Inc. v. Andrews*, 534 U.S. 19, 24 (2001)); *see also* 15 U.S.C. § 1681(b). Provisions of the FCRA are intended to "prevent consumers from being unjustly damaged because of inaccurate or arbitrary information in a credit report." *Cortez*, 617 F.3d at 706 (citing S. Rep. No. 91-517, at 1 (1969)).

This Court has long held, consistent with the purpose of the Act, that patently incorrect or materially misleading information is inaccurate within the

meaning of the FCRA. *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009). As fully discussed below, district courts in the circuit have consistently followed this Court's guidance, holding that including adverse information that does not belong to a consumer on his report is patently incorrect or materially misleading.

Except the district court in this case.

The district court ruled, at the pleading stage, that such a report is neither patently incorrect nor materially misleading when it is accompanied by a general disclaimer, which is required by California Civil Code § 1786.29(a). The ruling represents a radical departure from the text and purpose of the FCRA. It must be reversed.

## JURISDICTIONAL STATEMENT

The district court had jurisdiction over Flores' FCRA claims under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p because the complaint alleged violations of the Fair Credit Reporting Act, including 15 U.S.C. §§ 1681e(b) and 1681k(a). ER-131. The district court had supplemental jurisdiction over the parallel California Consumer Credit Reporting Agencies Act ("CCRAA") claim under 28 U.S.C. § 1367(a) because that claim arose from the same employment background report, the same misattributed DUI conviction, and the same adverse employment action. ER-150.

This Court has jurisdiction under 28 U.S.C. § 1291. On June 2, 2025, the district court dismissed Flores' § 1681e(b) and CCRAA claims with prejudice and dismissed the § 1681k(a) claim without prejudice and with leave to amend. ER-6. Flores elected to stand on his complaint. On October 10, 2025, after no amended complaint was filed, the district court entered a final order dismissing the action with prejudice. ER-3. That order disposed of all claims and ended the litigation.

Flores filed his notice of appeal on October 17, 2025, within thirty days of the final order. ER-157; Fed. R. App. P. 4(a)(1)(A). The notice identified the June 2, 2025 dismissal order that merged into the final judgment on October 10, 2025. ER-3. Fed. R. App. P. 3(c)(7).

## STATEMENT OF ISSUES

(1) Whether a consumer report is inaccurate under 15 U.S.C. § 1681e(b) and California Civil Code § 1785.14(b) when a consumer reporting agency includes another person's DUI conviction in a report prepared about the plaintiff; and

(2) Whether a boilerplate disclaimer and "consider" notation can make a misattributed conviction accurate as a matter of law at the pleading stage.

Pursuant to Ninth Circuit Rule 28-2.7, statutes pertinent to the present appeal are:

> 15 U.S.C. § 1681e(b): Whenever a consumer reporting agency
> prepares a consumer report it shall follow reasonable procedures to

3

assure maximum possible accuracy of the information concerning the individual about whom the report relates; and

California Civil Code § 1785.14(b): Whenever a consumer credit reporting agency prepares a consumer credit report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. These reasonable procedures shall include, but not be limited to, permanent retention by the consumer credit reporting agency in the consumer's file, or a separately individualized file, of that portion of the data in the file that is used by the consumer credit reporting agency to identify the individual consumer pursuant to paragraph (1) of subdivision (a). This permanently retained data shall be available for use in either a reinvestigation pursuant to subdivision (a) of Section 1785.16, an investigation where the consumer has filed a police report pursuant to subdivision (k) of Section 1785.16, or a restoration of a file involving the consumer. If the permanently retained identifying information is retained in a consumer's file, it shall be clearly identified in the file in order for an individual who reviews the file to easily distinguish between the permanently stored identifying information and any other identifying information that may be a part of the file. This retention requirement shall not apply to data that is reported in error, that is obsolete, or that is found to be inaccurate through the results of a reinvestigation initiated by a consumer pursuant to subdivision (a) of Section 1785.16.

Cal. Civ. Code § 1786.29(a): A notice in at least 12-point boldface type setting forth that the report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report.

//

//

4

## STATEMENT OF THE CASE

This appeal arises from the Rule 12(b)(6) dismissal of Flores' principal accuracy claims under 15 U.S.C. § 1681e(b) and the California CCRAA. Appellant does not appeal the district court's dismissal of his claim under 15 U.S.C. § 1681k.

### I. The Background Report Attributed Another Person's DUI Conviction To Flores.

Flores applied for full-time employment as a Field Technician with Patriot Environmental Services ("Patriot") in November 2024. ER-140, ¶40. On November 25, 2024, Patriot offered Flores the position, with a start date of December 11, 2024, contingent on completion of a background check. ER-140, ¶¶42-43.

Patriot contracted with AssureHire, a consumer reporting agency, to obtain a background report on Flores. ER-140, ¶44. On December 2, 2024, Patriot ordered a criminal background check on Flores from AssureHire. ER-140, ¶45. On December 5, 2024, AssureHire furnished it to Patriot. ER-140, ¶46.

The first page of the report included a "California Applicant Disclosure" stating, in part:

> This report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report.

5

ER-124. California Civil Code § 1786.29(a) mandates this disclosure:

> A notice in at least 12-point boldface type setting forth that the report does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation, but only that it is accurately copied from public records, and information generated as a result of identity theft, including evidence of criminal activity, may be inaccurately associated with the consumer who is the subject of the report.

The report included a table of entries with various column titles including "STATUS/SCORE" and indicated "consider" overall as well as for the row titled "County Criminal Madera, CA – FLORES, RUBEN." ER-124. On the second page, the report disclosed a misdemeanor DUI conviction from Madera County, California, for "FLORES, RUBEN" with a comment, "Confirmed by: NAME/DOB." ER-125.

The conviction does not belong to Flores. ER-141, ¶49. Flores has never been charged with or convicted of DUI. ER-141, ¶50. The conviction belongs to a different person, also named Ruben Flores, who is distinguishable from Flores by publicly available information, including a mug shot, address history, and Social Security number. ER-141-142, ¶52. A cursory review of those records would have shown that the DUI conviction was not Flores' conviction. ER-141-142, ¶¶51-53.

On December 13, 2024, Patriot notified Flores that his employment offer had been rescinded because of the misdemeanor conviction reported by AssureHire. ER-144, ¶61. Flores later obtained the report and discovered that AssureHire had attributed another person's conviction to him. ER-144, ¶62. On

6

January 26, 2025, Flores disputed the report with AssureHire and provided identifying information showing that he was not the person convicted of DUI. ER-145, ¶69. Two days later, AssureHire issued an updated report that removed the conviction. ER-146, ¶72. Flores forwarded the corrected report to Patriot, and Patriot later issued a second job offer with a proposed start date of March 3, 2025. ER-146, ¶¶73-74.

AssureHire's report caused Flores to lose wages and employment time, required him to spend time and effort correcting the report, damaged his reputation, and caused emotional distress and related physical symptoms. ER-146-149.

## II. Flores Sued AssureHire For Inaccurate Reporting.

On February 26, 2025, Flores filed this action against AssureHire in the Central District of California. ER-131. The complaint asserted three claims. First, Flores alleged that AssureHire violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy in preparing the employment background report. ER-148-149. Second, he alleged that the same conduct violated California Civil Code § 1785.14. ER-150-151. Third, he alleged that AssureHire violated 15 U.S.C. § 1681k(a), which governs employment-purpose consumer reports containing adverse public-record information. ER-152-155.

AssureHire moved to dismiss the complaint under Rule 12(b)(6). ER-99. As relevant here, AssureHire argued that the report was not inaccurate because it accurately copied public-record information and because the report contained a disclaimer and a "consider" notation. ER-111. Flores opposed the motion, arguing that a consumer report is inaccurate when it places another person's criminal conviction in a report about the consumer, and that AssureHire could not avoid its statutory duty through a boilerplate disclaimer. ER-45-47.

### III. The District Court Dismissed The Accuracy Claims With Prejudice.

On June 2, 2025, the district court granted AssureHire's motion to dismiss. ER-6. The court dismissed the § 1681e(b) claim with prejudice. ER-15. It held that the report was not "patently inaccurate" because Flores did not dispute the accuracy of the underlying Madera County public record, but instead challenged "the association of this otherwise accurate information with Plaintiff." ER-13. The court found Flores' consumer report incorporated by reference and further held that the report was not misleading because, in the court's view, the report did not represent that the conviction belonged to Flores and instead told Patriot to "consider" whether the record potentially related to him. ER-8, 14-15.

The court also dismissed the CCRAA claim with prejudice because it treated California Civil Code § 1785.14 as substantially identical to § 1681e(b) and concluded that the same accuracy analysis controlled both claims. ER-15-16.

8

The district court did not reach whether AssureHire's procedures were reasonable, whether AssureHire acted negligently or willfully, or whether Flores could prove damages on the § 1681e(b) and CCRAA claims. ER-15 n.7. It dismissed only the § 1681k(a) claim without prejudice and gave Flores twenty-one days to amend that claim. ER-20.

## IV. Flores Stood On The Complaint, And The District Court Entered Final Judgment.

Flores elected to stand on his complaint rather than amend only the remaining § 1681k(a) claim. ER-161 (docket entry 24). After no amended complaint was filed, AssureHire moved to dismiss the action. ER-161 (docket entry 27). On October 10, 2025, the district court granted that motion and dismissed the action with prejudice under Rule 41(b). ER-5. The October 10 order disposed of all remaining claims and ended the case. ER-5. Flores filed his notice of appeal on October 17, 2025. ER-157.

## STANDARD OF REVIEW

A dismissal under Rule 12(b)(6) is reviewed *de novo*, and the Court accepts factual allegations as true and construes them in the light most favorable to the plaintiff. *Mudpie, Inc. v. Travelers Cas. Ins. Co. of Am.*, 15 F.4th 885, 889 (9th Cir. 2021). To the extent the district court considered Flores' consumer report under the incorporation-by-reference doctrine, that doctrine still requires the court to honor

9

"the prohibition against resolving factual disputes at the pleading stage." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1003 (9th Cir. 2018).

## SUMMARY OF ARGUMENT

The district court held that Flores' report was accurate because it "merely associat[ed] . . . otherwise correct information with an individual who is not the subject of those records" and that, according to AssureHire's version of the events, the report informed the employer to "'consider' whether the entry potentially relates to Plaintiff or whether it may be inaccurately associated with the consumer who is the subject of the report." ER-14. The ruling was erroneous for at least two reasons.[1]

First, the district court asked the wrong question. Section 1681e(b) asks AssureHire to assure maximum possible accuracy as to "the individual about whom the report relates." The accuracy of someone else's DUI record does not assure the accuracy of information concerning Flores. Nor can AssureHire satisfy

---

[1] AssureHire previously challenged appellate jurisdiction on the theory that the June 2, 2025 order did not merge into the final judgment. The motions panel denied that motion without prejudice. Appellant will respond in full in his reply if AssureHire renews the challenge. This is not an abandonment case. Flores stood on the complaint after the district court dismissed his principal accuracy claims with prejudice and left only the § 1681k(a) claim to amend. The later final dismissal ended the case and made the pleading ruling reviewable. *See generally Yourish v. Cal. Amplifier*, 191 F.3d 983 (9th Cir. 1999); *McKeever v. Block*, 932 F.2d 795 (9th Cir. 1991).

its statutory duty for maximum possible accuracy by a boilerplate disclaimer that transfers the duty to the report's reader.

Second, the court resolved against Flores at the pleading stage what Rule 12 reserves for later stages. Flores alleged that the employer took concrete adverse action against him because of the disclosed DUI conviction. That is sufficient to establish at the pleading stage that the report was materially misleading and inaccurate for the purpose of the FCRA. It was error to hold that the report's boilerplate disclaimer and "consider" notation made the report accurate as a matter of law because a reasonable fact finder could draw different and more plausible inferences from the report.

## ARGUMENT

The threshold question for a § 1681e(b) claim is whether the consumer report contains "inaccurate information." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995). The district court resolved this question against Flores and so never reached the subsequent issue of the reasonableness of AssureHire's accuracy procedures or any other issue. ER-15 n.7. Flores respectfully requests that the Court reverse the ruling dismissing his 15 U.S.C. § 1681e(b) and CCRAA claims with prejudice and remand the case.

11

## I.   A Consumer Report That Attributes Another Person's Criminal Conviction To The Consumer Is "Inaccurate" Under § 1681e(b).

The district court held that "merely associating . . . otherwise correct information with an individual who is not a subject of those records" is not inaccurate under § 1681e(b) "particularly . . . where . . . the Report 'never represented that the conviction belonged to Plaintiff.'" ER-14.[2] AssureHire need not make such a representation explicitly. The report's context provides the representation that the district court was looking for.

When Patriot purchased a consumer report from AssureHire, it did not ask AssureHire for information about anyone named Ruben Flores. It asked for a report about the individual who applied for employment with them. In this context, the inclusion of the DUI conviction in his report makes the representation that it belongs to him.

The very text of § 1681e(b) also makes the same representation as an accuracy requirement on AssureHire. The district court's contrary holding rests on a misreading of the statute and a misapplication of this Court's "patently incorrect or materially misleading" test.

---

[2] Flores preserved this issue in opposition to AssureHire's Rule 12(b)(6) motion. ER-45-49.

A. <u>Section 1681e(b) requires "maximum possible accuracy" as to the subject of the consumer report.</u>

The FCRA requires that, "[w]henever a consumer reporting agency prepares a consumer report," the consumer reporting agency follow "reasonable procedures to assure maximum possible accuracy of the information *concerning the individual about whom the report relates*." 15 U.S.C. § 1681e(b) (emphasis added). The plain language of the statute requires that a consumer report prepared about Flores be accurate *concerning* Flores, not someone else. When a user affirmatively obtains a consumer report from a consumer reporting agency, all information disclosed on the report is expected to be accurate concerning the consumer.

A case from the Third Circuit is illustrative. In *Cortez v. Trans Union, LLC*, Trans Union provided consumer reports to a car dealership and a landlord alerting them that the plaintiff's name "matches" a name on the list of Specially Designated Nationals ("SDN") maintained by the Treasury Department's Office of Foreign Assets Control ("OFAC"). 617 F.3d 688, 699-701 (3d Cir. 2010). The person on the SDN list was not the plaintiff, but another individual with the same name. *Id.* at 696. Trans Union argued that it satisfied the maximum possible accuracy requirement under 15 U.S.C. § 1681e(b) because the underlying OFAC information was reported accurately and that the word "match" connotes only "possible match." *Id.* at 708. The Third Circuit rejected this argument, finding that the report "created the impression that Cortez was actually the person named on

13

OFAC's SDN List" and "the jury was entitled to view Trans Union's actions *in their proper context*," i.e., where the report was provided "to the dealership in response to receiving identifying information about a specific consumer." *Id.* (emphasis added). As explained by the Third Circuit, the FCRA protects both the consumer and the user of a report against "inherent dangers in including any information in a credit report that a credit reporting agency cannot confirm is *related to a particular consumer*." *Id.* at 710 (emphasis added).

The same statutory focus on the *subject* of the report for accuracy purposes runs through this Court's FCRA cases, including one where the Court confirmed that the FCRA "was crafted to protect consumers from the transmission of inaccurate information *about them*." *Guimond v. Trans Union Credit Info. Co.*, 45 F.3d 1329, 1333 (9th Cir. 1995) (emphasis added). There, Trans Union reported a number of items about the plaintiff, Renie Guimond, that were simply not true, including that she was married and known as "Ruth Guimond." *Id.* at 1331-1332. Because these items were not accurate *as to* the plaintiff, the Court held that she "made out a prima facie case under § 1681e(b)." *Id.* at 1334. In a separate case, this Court also recognized misattribution as a typical example of inaccuracy that an appellant can raise to show inaccuracy in a consumer report. *Carvalho v. Equifax Info. Servs.*, LLC, 629 F.3d 876, 891 (9th Cir. 2010) (listing it as one of the examples that the plaintiff could have raised, but did not, to show inaccuracy under

14

15 U.S.C. § 1681i, a substantially similar provision of the FCRA); *see also Healy v. Milliman, Inc.*, 164 F.4th 701, 709–10 (9th Cir. 2026) (holding that a mismatched social security number and adverse risk assessment are sufficient "circumstantial evidence" of inaccuracy for unnamed members of a § 1681e(b) class).

The Federal Trade Commission ("FTC" or "Commission"), which has enforced and interpreted the FCRA since its enactment, as well as the Consumer Financial Protection Bureau in more recent enforcement actions have long treated mixed-file misattribution and inadequate matching as implicating § 1681e(b)'s requirement for maximum possible accuracy.[3] *See, e.g.*, FTC, Report to Congress: Under Sections 318 and 319 of the Fair and Accurate Credit Transactions Act of 2003, at iii (Dec. 2004) (identifying "mixed file" as a source of inaccuracy)[4]; CFPB, *Key Dimensions and Processes in the U.S. Credit Reporting System: A Review of How the Nation's Largest Credit Bureaus Manage Consumer Data*, at 23 (Dec. 2012) (identifying "mixed file" as the first among "the types of inaccuracies

---

[3] While their views and enforcement positions are not binding on this Court, they have persuasive force to the extent their reasoning, consistency, and fit with the statutory text are persuasive. 15 U.S.C. § 1681s; *see Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944).

[4] *Available at* https://www.ftc.gov/sites/default/files/documents/reports/under-section-318-and-319-fair-and-accurate-credit-transaction-act-2003/041209factarpt.pdf (last visited on May 1, 2026).

that appear in credit files and the reports derived from them").[5] In fact, among the foundational FTC § 1681e(b) cases was a mixed-file case. Tiffany George, *50 Years of the FCRA*, FTC Bus. Blog (Oct. 27, 2020) (highlighting the FTC's 1991 action against TRW's provision of "mixed files" that enforced "the FCRA's bedrock requirement that CRAs have reasonable procedures to ensure maximum possible accuracy of their reports").[6] CFPB, in its role as the Federal agency with supervisory authority over the consumer reporting industry, expressed a concern over multiple data furnishers' failure to "prevent . . . mixed file reporting" by adopting appropriate procedures. CFPB, *Supervisory Highlights: Consumer Reporting Special Edition*, Issue 14, at 13 (Mar. 2017).[7]

The district court's reading creates another problem. Under another provision of the FCRA, 15 U.S.C. § 1681i, consumer reporting agencies are required to investigate a consumer dispute and revise the disputed report only if it contains "inaccuracy" within the meaning of § 1681e(b). *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 756 (9th Cir. 2018) (defining inaccuracy that triggers a

---

[5] *Available at* https://files.consumerfinance.gov/f/201212_cfpb_credit-reporting-white-paper.pdf (last visited on May 1, 2026).

[6] *Located at* https://www.ftc.gov/business-guidance/blog/2020/10/50-years-fcra (last visited on May 1, 2026); *see also F.T.C. v. TRW Inc.*, 784 F. Supp. 361, 361 (N.D. Tex. 1991).

[7] *Available at* https://files.consumerfinance.gov/f/documents/201703_cfpb_Supervisory-Highlights-Consumer-Reporting-Special-Edition.pdf (last visited on May 1, 2026).

reinvestigation duty under § 1681i as identical to inaccuracy under § 1681e(b)). Under the district court's interpretation that Flores' report does not contain an inaccuracy, AssureHire has no duty under 15 U.S.C. § 1681i to remove it from his report. Consumers like Flores would have no statutory right to dispute and correct a mixed file report.

The very text and purpose of § 1681e(b), supported by long-established guidance from courts and enforcement agencies, contradicts the district court's ruling that a mixed file does not constitute inaccuracy under the FCRA. Whether *some* Ruben Flores in California has a DUI conviction is irrelevant to § 1681e(b)'s requirement for maximum possible accuracy concerning the subject "about whom the report relates." What is relevant is that the information AssureHire disclosed concerning *this* Ruben Flores—the applicant, the subject of the report Patriot ordered—was inaccurate as to *him*. As long as AssureHire remains subject to the requirements of the FCRA, and it is, inclusion of the information communicates to Patriot that the conviction belongs to him. That is inaccurate within the meaning of the FCRA.

## B. Misattribution fails the Ninth Circuit's "patently incorrect or materially misleading" test.

The district court erroneously rejected Flores' argument that the misattribution was patently incorrect, in part, because:

17

> [T]he Report indicates only that Defendant searched public records using the identifying information provided to it and accurately reported information copied from public records and that, based on the information provided, the employer should 'consider' whether the entry potentially relates to Plaintiff or whether it may be 'inaccurately associated with the consumer who is the subject of the report.'

ER-14. Even assuming that the statutorily-required "California Applicant Disclosure" and "consider" notation mean what the court improperly inferred they mean, they do not make the misattribution accurate under Ninth Circuit law.[8]

Because § 1681e(b) requires "reasonable procedures to assure maximum possible accuracy," this Court has long maintained that a consumer report is inaccurate when it is either "patently incorrect" or "misleading in such a way and to such an extent that it can be expected to have an adverse effect [on the consumer]." *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1163 (9th Cir. 2009) (internal citation and quotation marks omitted); *Drew v. Equifax Info. Servs., LLC*, 690 F.3d 1100, 1108 (9th Cir. 2012) (explaining that information that is "inaccurate on its face" is "patently incorrect"); *see also Taylor v. First Advantage Background Servs. Corp.*, 207 F. Supp. 3d 1095, 1103 (N.D. Cal. 2016) (holding that reporting convictions that do not belong to the plaintiff is "inaccurate on its face" and so "patently incorrect").

---

[8] Appellant will address in the next section another error in this ruling, i.e. the court's improper resolution of factual issues against Flores at the pleading stage.

18

Even if the statutory disclosure and "consider" notation meant what AssureHire says they meant, they did not make the report accurate. A warning that information may be wrong does not assure maximum possible accuracy. Reporting another person's conviction on Flores' report remains both patently incorrect and materially misleading.

In a California district court case, CoreLogic furnished a consumer report with misattributed records to Quicken Loans, which in turn denied the plaintiff's mortgage loan application. *Starkey v. Experian Info. Sols., Inc.*, 32 F. Supp. 3d 1105, 1107 (C.D. Cal. 2014). CoreLogic (one of the defendants in the case) moved for summary judgment, in part, on the basis that its report was accurate because it was accurately copied from another source. *Id.* at 1109. Denying CoreLogic's argument, the court cited to *Drew* and held that the plaintiff presented evidence that the report was "patently incorrect" because the report "showed certain matters as belonging to Plaintiff when they did not in fact, belong to her." *Id.* Citing *Gorman*, the court went on to explain: "No matter how many times 'patently incorrect' information is *accurately reproduced*, it remains incorrect, and therefore 'inaccurate' under the FCRA." *Id.* (emphasis added).

In a Washington district court case, Tenant Tracker, Inc. ("TTI") furnished consumer reports on the plaintiffs disclosing sex offense convictions of individuals with similar names, and the plaintiffs were denied housing by a prospective

19

landlord. *Smith v. Tenant Tracker, Inc.*, No. C21-5380-BHS-SKV, 2023 WL 2957404, at *2-3 (W.D. Wash. Feb. 3, 2023), *report and recommendation adopted*, No. 321CV05380BHSSKV, 2023 WL 2624840 (W.D. Wash. Mar. 24, 2023).[9] TTI moved for summary judgment, in part, on the basis that the report accurately disclosed another individual who was in fact a convicted sex offender. *Id.* at *6. The court rejected TTI's limited interpretation of the accuracy requirement because it is inconsistent with the mandate for "maximum possible accuracy" under § 1681e(b). *Id.* TTI also argued that the report is not materially misleading because it included "warnings [to the landlord] that additional identifying information must be used to confirm the accuracy of the criminal information and photographs." *Id.* The court also rejected this argument because a consumer reporting agency cannot reasonably "shift[] the burden of further investigation [to confirm accuracy under § 1681e(b)] on users who lack[] expertise in relation to consumer reports." *Id.* at *7. *See also Lopez v. Nat'l Credit Reporting, Inc.*, No. C12-05166 HRL, 2013 WL 1999624, at *3 (N.D. Cal. May 13, 2013) (denying the defendant's 12(b)(6) motion despite the misattributing report's explicit warning that "there is no guarantee that the name(s) listed below are the same individual(s) that are applying for housing").

---

[9] In the court below, Flores cited this case as *Joseph v. Tenant Tracker, Inc.*, 2023 U.S. Dist. LEXIS 51940 (W.D. Wash. Feb. 3, 2023).

20

AssureHire's disclosure to Patriot that it only accurately copied someone else's information from another source, which was required under California law, does not make accurate what is patently incorrect. Nor can AssureHire make materially misleading information accurate by shifting the burden of confirming its accuracy to the end user, especially when Flores explicitly alleged the adverse impact caused by the information's misleading nature. The district court's dismissal of the claim was in error. It must be reversed and remanded.

Nor can the dismissal be affirmed on grounds the district court did not reach. Flores alleged that AssureHire used deficient matching procedures, failed to compare available identifying information, reported another person's DUI conviction, and caused Patriot to rescind the job offer. At the pleading stage, those allegations plausibly plead unreasonable procedures, causation, and injury.

## II. The District Court Improperly Resolved Factual Questions At The Pleading Stage Against Flores.

The district court not only misread the substance of § 1681e(b); it also made a procedural error, resolving factual questions in AssureHire's favor by drawing inferences against Flores from documents incorporated by reference. ER-12-15.[10]

---

[10] Flores preserved this issue by opposing dismissal under the Rule 12(b)(6) standard and arguing that the complaint plausibly alleged both patently incorrect and materially misleading reporting. ER-44-49.

When ruling on a Rule 12(b)(6) motion, courts must accept the plaintiff's factual allegations as true and draw all reasonable inferences in his favor. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). At this stage, the complaint, when viewed in this light, only needs to state a claim that is "plausible on its face." *Id.* The rule remains the same for documents incorporated by reference. They cannot be assumed true only to resolve factual disputes and competing inferences against the plaintiff. *See Khoja*, 899 F.3d at 1003. Doing so converts a motion to dismiss into a summary judgment motion, depriving the plaintiff of an "opportunity to respond to the defendant's new version of the facts" and risks dismissing "otherwise cognizable claims." *Id.*

A. <u>Flores plausibly alleged that his report was inaccurate.</u>

The question of the report's accuracy is ordinarily for a jury, not the court. *See Drew*, 690 F.3d at 1108 (holding that a jury will decide whether an alleged inaccuracy by the plaintiff is "untrue or facially inaccurate"). All that Rule 8 requires from Flores at the pleading stage is to make allegations that, if true, plausibly show inaccuracy in his report. He did.

Flores alleged that the DUI conviction disclosed by AssureHire on his report does not belong to him (ER-141, ¶49), something even a cursory review of public records would have revealed as inaccurate (ER-141-142, ¶¶51-53). If accepted as true, these allegations establish that his report was patently incorrect under the

22

FCRA. *See Drew*, 690 F.3d at 1108; *Taylor*, 207 F. Supp. 3d at 1103. Flores further alleged that Patriot rescinded his job offer "as a direct result of the misdemeanor conviction reported by [AssureHire]" (ER-144, ¶61); and that Patriot made another offer after AssureHire revised his report by removing the conviction (ER-146, ¶¶73-74). Together, these allegations also establish that the misattribution was materially misleading. *See Gorman*, 584 F.3d at 1163; *Starkey*, 32 F. Supp. 3d at 1109; *Lopez*, 2013 WL 1999624, at *3.

A California district court case illustrates correct application of the standard to nearly-identical facts. In *Lopez v. Nat'l Credit Reporting, Inc.*, the housing report furnished by National Credit Reporting, Inc. ("NCRI") disclosed four eviction actions that did not actually belong to the plaintiff. No. C12-05166 HRL, 2013 WL 1999624, at *1 (N.D. Cal. May 13, 2013). Prefacing the section disclosing the misattributed records was a disclaimer stating that "[t]he information contained in this section is a matching of name and address only" and that "there is no guarantee that the name(s) listed below are the same individual(s) that are applying for housing." *Id.* at *3. The disclaimer even went on to inform the user how to conduct further verification through the court and with the prospective tenant. *Id.* Moving to dismiss the plaintiff's § 1681e(b) claim under Rule 12(b)(6), NCRI made the argument that the report was "technically accurate." *Id.* The court rejected the argument because the plaintiff sufficiently alleged, as Flores did, that

"the information does not relate to her at all" and that "prospective landlords were, in fact, confused or misled into believing that the evictions related to plaintiff in denying her rental applications." *Id.*

At the pleading stage, AssureHire's general disclaimer on the report does not defeat Flores' plausible allegations.

B. The district court erroneously accepted AssureHire's interpretation of the report's disclaimer as true.

The district court's error arose from its use of Flores' report that the court accepted under the doctrine of incorporation-by-reference. ER-8 n.1. The court relied extensively on the report to do exactly what the doctrine warns against— disputing factual allegations in the complaint. *Khoja*, 899 F.3d at 1003. The report does not contradict Flores' allegations unless only adverse inferences are drawn from it. The court did exactly that and disregarded inferences that favor Flores.

First, the district court pointed to the disclosure displayed at the top of the report that states, in part, the report "does not guarantee the accuracy or truthfulness of the information as to the subject of the investigation"; that it guarantees only that the reported information "is accurately copied from public records"; and that it "may be inaccurately associated with the consumer who is the subject of the report." ER-124. AssureHire argued that it thus "never represented that the conviction belonged to Plaintiff." ER-111. This disclosure of potential inaccuracy is required by California Civil Code § 1786.29(a). In opposition, Flores

24

pointed out the report also stated that the conviction was "Confirmed by NAME/DOB." ER-48. "Confirm" means to "establish the truth or correctness of" something or to "state with assurance that a report or fact is true." *New Oxford American Dictionary* (3d ed. 2010). And the phrase occurs within the section disclosing the DUI conviction under the heading "FLORES, RUBEN." ER-125. As Flores argued, AssureHire thereby confirmed—i.e. stated with assurance that the fact is true—that the record does belong to Appellant Flores. These are competing inferences offered by the parties. Without explaining why Flores' common-sense interpretation cannot be plausible, the district court instead adopted the one proposed by AssureHire without any evidence. ER-14.

Next, a table below the disclosure shows that "STATUS/SCORE" of the report is "CONSIDER," and the final column of the table for the entry "County Criminal Madera, CA – FLORES, RUBEN" also says "consider." ER-124. AssureHire suggested that "consider" here means that "the employer should 'consider' whether the entry potentially relates to Plaintiff or whether it may be 'inaccurately associated with the consumer who is the subject of the report.'" ER-111. The meaning of "consider" claimed by AssureHire is difficult to square with the heading under which it appears ("STATUS/SCORE") and the other entries in that column ("complete" and "clear"). If "consider" instructs Patriot to consider whether the record belongs to Flores, the heading should say something along the

25

line of INSTRUCTION, not STATUS/SCORE. Other entries would also be instructions of some kind. In opposition, Flores explained that "consider" in this context refers to an eligibility "score" set by AssureHire to inform Patriot to consider *not* hiring Flores based on the conviction. ER-48-49. Flores' interpretation is the more logical one. "SCORE" means eligibility score. "Clear" means clear to hire. Without explaining why Flores' more reasonable interpretation cannot be plausible, the district court agreed with AssureHire's interpretation. ER-14.

Finally, the district court apparently disregarded as untrue Flores' allegation that Patriot revoked his job offer because of the DUI conviction erroneously disclosed on his report. Noting that Flores alleged both that his fiancée believed the report was about him and that even a cursory review of public records would have confirmed that the conviction did not belong to him, the court concluded that both allegations "cannot be true". ER-15 n.6. Both, however, can certainly be true. Non-experts like Flores' fiancée and Patriot are likely unaware how common "mixed file" cases are or might have assumed that AssureHire matched the DUI conviction to Flores by more than just name and date of birth. Their *belief* in the accuracy of the report is not inconsistent with the report's inaccuracy. It was a clear error for the district court to disregard Flores' allegation that the misattribution materially misled Patriot, especially when it was also supported by his other allegation that

26

Patriot renewed a job offer to him subsequent to AssureHire's removal of the conviction from the report.

Flores' plausible allegations do not become implausible just because AssureHire can offer alternative interpretations of the alleged facts. Even if the court found AssureHire's interpretations of "consider" and its boilerplate disclosure language more plausible than the ones offered by Flores, the court should not have dismissed his claim with prejudice on that basis. At minimum, the court should have allowed Flores to amend his complaint to make his allegations more definitive. *Kates v. Crocker Nat. Bank*, 776 F.2d 1396, 1397 (9th Cir. 1985).

For Rule 12(b)(6) purposes, the court should have accepted factual allegations of Flores' complaint as true and construed them, along with his report incorporated by reference, in the light most favorable to Flores. *Mudpie, Inc.*, 15 F.4th at 889; *Khoja*, 899 F.3d at 1003. When viewed in that light, they plausibly state a claim, and the court's dismissal of his claim must be reversed.

## III.    The CCRAA Claim Must Be Reinstated.

The CCRAA's accuracy provision parallels § 1681e(b). It requires that, "[w]henever a consumer credit reporting agency prepares a consumer credit report, it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." Cal. Civ. Code § 1785.14(b).

27

This Court has expressly recognized that the CCRAA "is substantially based on the [FCRA]" and assumes that "California courts would interpret the FCRA and CCRAA consistently." *Carvalho*, 629 F.3d at 889. California's intermediate appellate courts have applied the same understanding. *See Olson v. Six Rivers Nat'l Bank*, 111 Cal. App. 4th 1, 12 (2003) (CCRAA "modeled" on the FCRA); *Cisneros v. U.D. Registry, Inc.*, 39 Cal. App. 4th 548, 568-69 (1995) (relying on FCRA authorities to interpret CCRAA accuracy duty). When the federal and state texts are read together, the same accuracy analysis controls.

The district court also treated the two claims as substantially identical, dismissing both on the same accuracy reasoning. ER-15-16. Because the court's reasoning is wrong as to § 1681e(b)—for all the reasons set out in Parts I and II—it is also wrong as to California Civil Code § 1785.14(b). Reversal of one therefore compels reversal of the other.

## CONCLUSION

The decision below should be reversed. The dismissals of the § 1681e(b) and CCRAA claims should be vacated, and the case should be remanded to the district court for further proceedings consistent with this Court's opinion.

//

//

28

Dated:  May 4, 2026          **DHF LAW, P.C.**


By s/Joshua E. Kim
   Joshua Kim, Esq.
   Devin H. Fok, Esq.
   *Attorneys for Plaintiff-Appellant*
   *RUBEN FLORES*

29

**UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT**

**Form 8. Certificate of Compliance for Briefs**

*Instructions for this form:* *http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** 25-6594

I am the attorney or self-represented party.

**This brief contains** 6,390 **words, including** 0 words

manually counted in any visual images, and excluding the items exempted by FRAP

32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

🔘 complies with the word limit of Cir. R. 32-1.

⚪ is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

⚪ is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

⚪ is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

⚪ complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

☐ it is a joint brief submitted by separately represented parties.
☐ a party or parties are filing a single brief in response to multiple briefs.
☐ a party or parties are filing a single brief in response to a longer joint brief.

⚪ complies with the length limit designated by court order dated [                ].

⚪ is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** s/Joshua E. Kim **Date** May 4, 2026

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at* *forms@ca9.uscourts.gov*

**Form 8** *Rev. 12/01/22*